All right, the final case being argued today is Trisvan v. Annucci and Gainer. Okay, Mr. Trisvan, you get to argue first. Am I pronouncing that correctly, Trisvan? Yes, sir. And I see you reserved two minutes for rebuttal, so you'll have three minutes and then you'll have your two minutes in rebuttal. You can proceed whenever you're ready. All right. Appellant comes before this court to plead his case. Asking for this court to overturn and vacate the judgment made forth by District Judge Brody of the EDNY. In the interest of justice for such infringement warrants such reversing. These defendants participated in the violative offense of retaliating against appellant. With threats of reprisals for filing a grievance against them that was actually protected by the First Amendment. As well as the rest of the federal, as well as state constitution. Along with that, said defendants infringed upon appellant's religious freedom. Preventing him from attending worship services. Now as the judges are aware of that we are all basically protected by the First Amendment regardless of one's confinement status. The district judge erred by dismissing these very same defendants. In which it was actually a total of ten defendants. And by basically trying to build a problem facing case with the totality of defendants. Those of which had actually made threats. In which the district judge took it upon herself to literally strike those defendants by literally removing them from the actual case. It literally put me in a bind, but still in all, each defendants and all that literally participated in the actual conspiracy. Mr. Trisman, could I ask you a question, please? Yes, ma'am. My understanding is that your supervision status level was adjusted to level one, was increased on April 15th, 2015, which was before your request to travel to Albany was denied. Yes. So I was having trouble understanding how that could be, that adjustment could have happened in retaliation for your travel request. Okay, the main thing was that although this was actually the, I would say, the second day or subsequent actual decision that was basically made upon them. Initially, there was an actual suit that I filed before the district court initially. Addressing these very same issues that were literally basically reversed by this court in May 2015. So there was actually a level of retaliatory intent as well as motive upon these defendants. That even though I tried my damage to basically bring it before the district judge, she actually excluded me from actually adding these defendants, as well as additional conclusively arguments in that regards as well. Okay, thank you. Okay. All right, Mr. Trisman, I think your three minutes is up, but you'll have two minutes after he's done. Okay, great. Thank you. Thank you. Okay, go ahead, Mr. Yanni. May it please the court, Steven Yanni for the appellees. The district court correctly granted summary judgment to defendants on the first amendment retaliation claim and properly dismissed the rest of the fourth amendment complaint on the pleadings. Beginning with the retaliation claim, appellant failed to raise a tribal issue of fact as to causation. Specifically, as Judge Carney noted, the alleged adverse action here, the change in appellant supervision status actually predated the alleged protected activity, which was the grievance regarding his travel request. Contemporaneous records show that appellant supervision status was adjusted on April 15th, 2015, more than two months before his grievance was filed on June 23rd. And for that reason, it's immaterial, as appellant argued below, that he continued to report on a bimonthly level three schedule until he was reassigned to a special parole officer who handled level one supervisees. And the Supreme Court made that point clear in the Clark County School District versus Breeden case. Here today, Mr. Trisvon says that perhaps the protected activity was when he filed suit in August 2014, but that allegation, as I read the fourth amendment complaint, does not appear. And regardless, the state proffered an explanation for the change in supervision status, namely Mr. Trisvon's mental health issues and missed appointments. And in Mr. Trisvon's deposition, he acknowledged that he had missed appointments in and around this time period, and that's at ECF 143-3, pages 46 and 48. What about his claim that the curfew conditions were interfering with his ability to participate in Ramadan at the mosque? What's your response to that? Yes, Your Honor. So, appellant never plausibly alleged what specific accommodation he requested, when they were requested, or the nature of the response. He merely stated that he was informed that attending services after hours would be inconsistent with his curfew. But when the district court specifically instructed him to provide information about what accommodations he'd requested, the fourth amendment complaint just contained conclusory allegations that, quote, counsel had declined, end quote, certain requests without any specifics. And without that information, district court wasn't able to assess the extent of any burden on his religious exercise, whether the decision regarding the accommodation was reasonable, and which, if any, of the defendants had knowledge of that request. The state similarly acted within its discretion in imposing the other typical parole conditions in this case, which were all reasonably and necessarily related to his conviction for first degree manslaughter. And finally, I would note that the district court didn't err in its other rulings in this case that appellant has challenged. He never objected below regarding the denial of his motion to appoint counsel and the production of certain medical records that was ordered by the district court. So, those arguments have been forfeited. And as we explained in our brief, at the point he requested counsel, he was unlikely to succeed on his sole remaining claim, which is going to be contradicted by the record. Unless the court has further questions, I would urge you to affirm. Thank you. All right. Thank you. Okay, Mr. Trisman, you have two minutes in rebuttal. All right. Just basically in response to the appellee, certain things that they basically spoke about, even when it basically came down in the situation with me presenting claims of retaliation. Those claims were actually, again, as I said earlier, they were actually attempted to be introduced before the district judge, which they not only basically excluded me from adding additional information, as well as basically using the corroboration of witnesses who I wanted to be able to basically have testify or basically place depositions, those which that were actually excluded as well. In regards to the religious freedom that they deliberately basically infringed upon, it was actually spoken to them about me being, myself being able to attend Ramadan services. It was actually, it was literally indicated on that within the body of my reply briefs as well. These actual incidents, I mean, actual statements were, again, disregarded. Furthermore, in regards to other additional allegations I basically put forth, I spoke in which in the case basically dealing with the right to travel. Irrespective of their claims of me, myself, not supposedly being able to do these things at the time. In the case of Murdoch versus Pennsylvania, I know I only have a few seconds, but I want to say this. In the case of Murdoch versus Pennsylvania, it basically stated, a state may not impose a charge, nor basically shall a state convert a liberty into a privilege, which is what they attempted to basically do at that time. All right. Thank you. Thank you, Mr. President. Thank you, Mr. Yanni. We'll reserve the decision. Have a good day. You too. So that completes the calendar for today. But thanks to Ms. Speared, I will ask that she adjourn court. Court is adjourned.